Kevin Lee HOUGH, Appellant,

v.

STATE of Indiana, Appellee.

No. 02S00–8706–CR–529.

Supreme Court of Indiana.

June 30, 1988.

Jerry E. Levendoski, Bruce S. Cowen, Deputy Public Defenders, Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in a conviction of appellant of both Murder and Felony Murder. At a subsequent hearing, the jury recommended the death penalty not be imposed. The trial judge correctly sentenced appellant on the Murder charge only, imposing an enhanced sentence of sixty (60) years.

The facts are: Although appellant did not impose a defense of insanity, he did ask for the appointment of a psychiatrist or a psychologist "for the purpose of developing a complete psychological profile of the Defendant in order to assist counsel in the development and presentation of Defendant's defense...." Appellant further moved the court for the appointment of a social psychologist for the purpose of assisting him in the selection of the jury. Appellant also moved the court for an electroencephalogram examination "to ascertain whether there is some heretofore unknown and underlying physical cause for abnormal behavior by said Defendant." Each of these motions was denied.

■ Appellant claims the trial court erred in not granting his motion for an electroencephalogram examination. Appellant had not interposed the defense of insanity nor does the record disclose any evidence of irrational conduct which would cause the trial court to order psychiatric examination. The language of appellant's request indicates that such an examination would be exploratory in nature. Given these facts, the trial court did not abuse its discretion in refusing to grant the request. *Schultz v. State* (1986), Ind., 497 N.E.2d 531.

■ Appellant also claims the trial court erred in refusing to allow the hiring of a social psychologist to aid in the selection of the jury and the assistance of a psychiatrist or a psychologist for the purpose of evaluating appellant for the presentation of his defense. He takes the position that these requests were especially necessary in view of the fact he was standing trial with the potential of receiving the death penalty.

Although a defendant has a right to have an examination concerning his present sanity or his sanity at the time of the offense, appellant did not choose to file such a motion. His right to an examination does not extend to the employment of a psychiatrist of his own choice nor does it necessarily extend to the provision of funds for him to hire an expert of his own. *Ake v. Oklahoma* (1985), 470 U.S. 68, 105 S.Ct. 1087, 84 L.Ed.2d 53.

There is no showing in the record that appellant was in need of such special attention. This court will not reverse a trial court in such a situation unless there is a clear abuse of discretion shown. *Schultz, supra.*

Appellant claims that because the death penalty was a possibility in this case a stricter standard should have been applied. Although we do not concede this to be true, we point out that the death penalty was not in fact imposed; therefore, the stricter standard issue is not involved.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.